UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED
2008 DEC 22 AM 11: 47
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JODIE JOHNSON,

Plaintiff,

vs.                                          Case No.:

                                             6-08-CV-2156-ORL-31KRS

MEARS DESTINATION SERVICES, INC.,

Defendant.

_____/

## COMPLAINT

1. Plaintiff, JODIE JOHNSON (hereinafter referred to as "Plaintiff"), was an employee of Defendant MEARS DESTINATION SERVICES, INC. a Florida Corporation (hereinafter referred to as "Defendant"), and brings this action on behalf of herself and other similarly situated employees of DEFENDANT for overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

2. At all times material hereto, Plaintiff performed non-exempt duties as a driver for the DEFENDANT in Orange County, Florida, within the jurisdiction and venue of this Court.

3. Plaintiff, JODIE JOHNSON, was hired by DEFENDANT on approximately December 25, 2006, and worked for DEFENDANT until approximately April 15, 2007.

4. Based upon the information preliminarily available, and subject to discovery in this cause, Plaintiff's typical weekly schedule, which was sometimes longer,

1

included seven (7) days per week, for an understated average of about seventy (70) hours per work week. Additionally, Plaintiff was often times required to work through her lunch time. Plaintiff was paid $8.00 per hour for the hours she worked, and was never paid at an overtime rate. Plaintiff worked in excess of forty (40) hours per week during her entire tenure working for DEFENDANT.

5. Working from an assumption (and subject to discovery in this cause) that Plaintiff, JODIE JOHNSON, was not paid at a time and one half rate for all hours worked in excess of 40 hours per week, she would be due an additional half-time payment for each of these thirty (30) hours in all such work weeks. All such amounts are subject to amendment based upon the discovery which has not yet started in this cause or based upon the results of continued litigation.

6. Defendant, MEARS DESTINATION SERVICES, INC. owns and/or operates a transportation company for profit in Orange County, Florida, and employs persons such as Plaintiff and other similarly situated employees to work on its behalf in providing labor for its practice. This Corporate Defendant is within the personal jurisdiction and venue of this Court.

7. DEFENDANT directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

8. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of DEFENDANT.

9. This cause of action is brought to recover from DEFENDANT overtime

compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiffs and all other current and former employees similarly situated during the material time.

10. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff are in the possession and custody of DEFENDANT.

11. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of DEFENDANT.

12. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1331 and by 29 U.S.C. §216(b). At all times pertinent to this Complaint, the corporate Defendant, MEARS DESTINATION SERVICES, INC. was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s). Based upon information and belief, the annual gross sales volume of the corporate Defendant was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff and those similarly situated employees worked in interstate commerce so as to fall within the protections of the Act.

13. At all times pertinent to this complaint, DEFENDANT failed to comply with Title 29 U.S.C. § 201 et. seq., in that Plaintiff and those similarly situated employees performed services and labor for DEFENDANT for which DEFENDANT made no provision to pay Plaintiff and other similarly situated employees compensation

3

to which they were lawfully entitled for all of the hours worked in excess of forty within a work week.

14. The additional persons who may become Plaintiffs in this action are DEFENDANT's non-exempt employees who have worked in excess of Forty (40) hours during one or more work weeks on or after December 2005 and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

15. Plaintiff has retained the law office of Card & Glenn, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

16. Plaintiff realleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 15 above.

17. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

18. All similarly situated employees of DEFENDANT are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

19. DEFENDANT knowingly and willfully failed to pay Plaintiff and the other similarly situated to her at time and one half of their regular rate of pay for all hours worked in excess of Forty (40) hours per week.

20. By reason of the said intentional, willful, and unlawful acts of DEFENDANT,

Plaintiff and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

21. As a result of DEFENDANT' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

22. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JODIE JOHNSON, and those similarly situated to her who have or will opt into this collective action, demand judgment, jointly and severally, against DEFENDANT, MEARS DESTINATION SERVICES, INC. for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

Dated: December 18, 2008               Respectfully submitted,

_____
Andrew I. Glenn
E-mail: Andrew@floridaovertimeattorneys.com
Florida Bar No.: 577261
J. Dennis Card, Jr.
E-mail: Dennis@floridaovertimeattorneys.com
Florida Bar No. 0487473
Card & Glenn, P.A.
2131 Hollywood Boulevard, Suite 405
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (954) 921-9553
Attorneys for Plaintiff

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JODIE JOHNSON

## DEFENDANTS
MEARS DESTINATION SERVICES, INC.

**(b)** County of Residence of First Listed Plaintiff: **ORANGE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **ORANGE**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Card & Glenn, PA, 2131 Hollywood Boulevard, #405
Hollywood, FL 33020 (954) 921-9994

Attorneys (If Known)
UNKNOWN

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC 216(b)

Brief description of cause:
Action for unpaid wages

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 12/18/08

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____